IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOHN RIGGINS, JR.,

                    Plaintiff,

vs.                                    Case No. 16-1414-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff
supplemental security income payments.  The matter has been
fully briefed by the parties.

## I.  General legal standards

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984

_____
[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

(10th Cir. 1994).  Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the

conclusion.  The determination of whether substantial evidence

supports the Commissioner's decision is not simply a

quantitative exercise, for evidence is not substantial if it is

overwhelmed by other evidence or if it really constitutes mere

conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

Although the court is not to reweigh the evidence, the findings

of the Commissioner will not be mechanically accepted.  Nor will

the findings be affirmed by isolating facts and labeling them

substantial evidence, as the court must scrutinize the entire

record in determining whether the Commissioner's conclusions are

rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan.

1992).  The court should examine the record as a whole,

including whatever in the record fairly detracts from the weight

of the Commissioner's decision and, on that basis, determine if

the substantiality of the evidence test has been met.  Glenn, 21

F.3d at 984.

The Social Security Act provides that an individual shall

be determined to be under a disability only if the claimant can

establish that they have a physical or mental impairment

expected to result in death or last for a continuous period of

twelve months which prevents the claimant from engaging in

substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform

3

their previous work, they are determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On June 29, 2016, administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 20-29). Plaintiff alleges that he has been disabled since June 1, 2012 (R. at 20). At

step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the application date of May 2, 2013 (R. at 22). At step two, the ALJ found that plaintiff has severe impairments (R. at 22). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 23). After determining plaintiff's RFC (R. at 24-25), the ALJ found at step four that plaintiff has no past relevant work (R. at 27). At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 28). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 29).

**III. Are the ALJ's RFC findings consistent with the opinions of the medical sources which were accorded substantial or significant weight by the ALJ?**

In his RFC findings, the ALJ found that plaintiff could perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> 1. claimant should avoid concentrated exposure to hazards such as unprotected heights and hazardous machinery;
>
> 2. claimant has the ability to understand and remember simple instructions;
>
> 3. claimant has the ability to maintain concentration, persistence and pace to complete simple tasks;
>
> 4. claimant's work environment should not require interacting with the general public;

5. claimant's work environment should
require no more than occasional superficial
interaction with co-workers,

6. claimant's work environment should
require no more than occasional interaction
with supervisors;

7. claimant can adapt to normal changes in
a simple work environment with the above
limitations.

(R. at 24-25).

The record includes a mental RFC assessment by Dr. Quiroga,
who set out on September 30, 2013 that plaintiff had a number of
moderate limitations, but opined that plaintiff should be able
to understand and remember simple instructions as well as
remember locations and work-like procedures. She further stated
that plaintiff is able to carry out short and simple
instructions. Dr. Quiroga concluded by stating that plaintiff
can be expected to perform simple and repetitive tasks and to
meet the basic mental demands of work on a sustained basis
despite any limitations resulting from identified medically
determinable impairments (R. at 101-103). The ALJ accorded
significant weight to her opinions (R. at 27).

The record also contains a mental RFC assessment by Dr.
Lear, plaintiff's treating psychiatrist. Dr. Lear opined on
July 28, 2015 was moderately limited in 8 categories (R. at 736-
737). The ALJ accorded substantial weight to his opinions (R.
at 27).

Finally, the record contains a consultative examination and mental RFC evaluation by Dr. Steffan, who prepared a report dated August 25, 2015 (R. at 738-745). Dr. Steffan opined that plaintiff had a number of moderate and marked limitations (R. at 747-748), but stated that plaintiff has adequate psychological ability to carry out simple work instructions, although he would experience some problems in this endeavor (R. at 744). The ALJ also accorded substantial weight to this opinion (R. at 27).

First, plaintiff points out that Dr. Lear and Dr. Quiroga found that plaintiff had a moderate limitation in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (R. at 102, 737). Plaintiff contends that the ALJ erred by not indicating how many days plaintiff would miss or what percentage of the time he would be unable to perform activities within a schedule. Dr. Lear's form indicates that a moderate limitation means a 30% overall reduction in performance (R. at 736). However, Dr. Lear stated that whether plaintiff: (1) would be "off task" from their symptoms that would interfere with attention needed to perform even simple tasks, and (2) would have "bad days" causing him to leave work prematurely or be absent, would depend on medication compliance (R. at 736). Dr. Quiroga concluded that plaintiff could be expected to perform simple and repetitive tasks and meet the mental demands of work

on a sustained basis despite the moderate limitations noted by Dr. Quiroga (R. at 103).

In the case of Smith v. Colvin, 821 F.3d 1264, 1268-1269 (10th Cir. 2016), the court held that the ALJ could account for moderate limitations in 9 mental RFC categories by limiting plaintiff to simple, repetitive and routine tasks and by limiting their interaction with others.  In the case before the court, the ALJ limited plaintiff to understanding and remembering simple instructions and completing simple tasks; the ALJ placed limitations on interactions with others; and the ALJ indicated that plaintiff could adapt to normal changes in a simple work environment with the above limitations.  The ALJ's findings are consistent with the opinions of Dr. Quiroga (plaintiff could be expected to perform simple and repetitive tasks and meet the mental demands of work on a sustained basis despite his moderate limitations), Dr. Lear (who indicated that whether plaintiff would have "bad days" or be "off task" would depend on plaintiff's compliance with his medication), and Dr. Steffan, who had indicated that plaintiff has adequate psychological ability to carry out simple work instructions, although he would have some problems in this endeavor.  Both Dr. Steffan and Dr. Quiroga indicated that plaintiff could perform simple work (R. at 744, 102-103), and Dr. Lear found that plaintiff was only mildly limited in his ability to understand,

remember, and carry out very short and simple instructions (R. at 736-737). On the facts of this case, the court finds that the ALJ's RFC findings are generally consistent with the three medical source opinions on this issue.

Second, plaintiff points out that Dr. Steffan opined that plaintiff had a moderate limitation in his ability to understand, remember and carry out simple instructions and make judgments on simple work-related decisions. Plaintiff argues that it is inconsistent with the RFC finding that plaintiff can understand and remember simple instructions and complete simple tasks. However, in his narrative, Dr. Steffan stated that plaintiff had adequate psychological ability to carry out simple work instructions, although he would experience some problems in this endeavor. Furthermore, Dr. Lear, plaintiff's treating psychiatrist, found that plaintiff was only mildly limited in the ability to understand, remember, and carry out short and simple instructions (R. at 736-737).[2] The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). On the facts of this case, substantial evidence supports

---

[2] Likewise, Dr. Quiroga found that plaintiff was not significantly limited in his ability to understand, remember and carry out short and simple instructions (R. at 101).

the ALJ's finding that plaintiff can understand and remember simple instructions and complete simple tasks.

Third, plaintiff points out that Dr. Steffan assessed a moderate limitation in plaintiff's ability to respond to usual work situations and to changes in a routine work setting, and Dr. Quiroga also found that plaintiff was moderately limited in the ability to respond appropriately to changes in the work setting. Plaintiff contends that the ALJ erred by stating that plaintiff can adapt to normal changes in a simple work environment with the other limitations set out in the RFC findings (understand and remember simple instructions, complete simple tasks, and limited contact with others).

However, plaintiff's treating psychiatrist, Dr. Lear, whose opinion is generally accorded the greatest weight, did not find that plaintiff had any limitation in his ability to respond appropriately to changes in the work setting (R. at 737). Furthermore, even though Dr. Quiroga found that plaintiff had a moderate limitation in the ability to respond appropriately to changes in the work setting, Dr. Quiroga concluded that plaintiff nonetheless could be expected to perform simple and repetitive tasks and meet the basic mental demands of work on a sustained basis despite all of his limitations (R. at 102-103). Even Dr. Steffan stated that plaintiff has adequate psychological ability to carry out simple work instructions,

although he would experience some problems in this endeavor (R. at 744).  On these facts, the court finds that substantial evidence supports the ALJ's RFC finding that plaintiff can adapt to normal changes in a simple work environment with the other limitations set out in the RFC findings (understand and remember simple instructions, complete simple tasks, and limited contact with others).

The court finds that substantial evidence supports the ALJ's RFC findings.  The ALJ's RFC findings reasonably rely on, and are generally consistent with, the opinions of the three medical sources who offered opinions regarding plaintiff's mental RFC.

**IV.  Did the ALJ err in his analysis of plaintiff's credibility?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So

long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ

must be reasonable and consistent with the evidence.  See Glenn
v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must
affirm if, considering the evidence as a whole, there is
sufficient evidence which a reasonable mind might accept as
adequate to support a conclusion).  The court can only review
the sufficiency of the evidence.  Although the evidence may
support a contrary finding, the court cannot displace the
agency's choice between two fairly conflicting views, even
though the court may have justifiably made a different choice
had the matter been before it de novo.  Oldham v. Astrue, 509
F.3d 1254, 1257-1258 (10th Cir. 2007).

The court finds no clear error by the ALJ in his
credibility analysis.  The ALJ reasonably relied on the medical
opinion evidence from three medical sources in finding that
plaintiff was not fully credible, and in making RFC findings
generally consistent with the three medical source opinions.
Plaintiff cites to a number of instances in which plaintiff was
hospitalized or received crisis intervention.  Although the
evidence may support a contrary finding, there is sufficient
evidence, primarily from the three medical sources, which a
reasonable mind might accept as adequate to support a decision
that plaintiff can work as set forth in the ALJ decision.  The
report from Dr. Quiroga and Dr. Steffan indicate an awareness of
plaintiff's mental health history, including hospitalizations

(R. at 98, 738-743), and the treatment records indicate that Dr.
Lear, plaintiff's treating psychiatrist, would also have been
aware of this history.  The court will not reweigh the evidence.
The balance of the ALJ's credibility analysis was supported by
substantial evidence in the record.  See Barnum v. Barnhart, 385
F.3d 1268, 1274 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the
Commissioner is affirmed pursuant to sentence four of 42 U.S.C.
§ 405(g).

Dated this 1st day of September 2017, Topeka, Kansas.


                        s/Sam A. Crow
                        Sam A. Crow, U.S. District Senior Judge